IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

CHARLOTTE COFFINDAFFER and
LYNN COFFINDAFFER,

    *Plaintiffs*,

vs.                                                  Civil Action No. 1:07CV80

SUNBEAM PRODUCTS, INC.,
AMERICAN HOUSEHOLD, INC., and
WAL-MART STORES, INC.,

    *Defendants*.

## ORDER/OPINION

On the 10th day of October, 2007, Defendant Defendants Sunbeam Products, Inc., American Household Inc., and Wal-Mart Stores, Inc., ("Defendants") filed two separate Motions for Protective Order Regarding Plaintiffs' Requests for Documents (Set 1) [Docket Entries 19, 20]. On the 26th day of October, 2007, Plaintiffs Charlotte Coffindaffer and Lynn Coffindaffer ("Plaintiffs") filed a Memorandum in Response to Defendants' Motions for Protective Order [Docket Entry 22]. On the 9th day of November, 2007, Defendants filed their Reply Brief in Support of Motions for Protective Orders [Docket Entry 25]. Also on the 9th day of November, 2007, Plaintiffs filed Objection to and Motion to Strike Defendants' Reply Memorandum [Docket Entry 26]. On the 20th day of November 2007, Defendants filed their Brief in Opposition to Plaintiffs' Objection and Motion to Strike [Docket Entry 31]. The parties stipulated that they had met and conferred in accord with LRCivP 26.04(b) and were unable to resolve their differences with respect to the discovery dispute [Docket Entry 28]. The District Judge referred these matters to the undersigned by Order dated October 30, 2007 [Docket Entry 24].

The Scheduling Order entered in this case on August 13, 2007, sets completion of discovery for March 31, 2008 [Docket Entry 12].

On the 28th day of November 2007, came the parties through counsel for telephonic hearing on the motions. The parties presented no testimony or evidence, with the exception of affidavits which were attached to their respective briefs. The Court heard the arguments of counsel and the matter was deemed submitted for decision on the pleadings filed and arguments made at the hearing.

In this case, Plaintiffs seek compensatory and punitive damages from Defendants for injuries in the form of third-degree burns ("thermal burns") allegedly suffered by Charlotte Coffindaffer while utilizing a Sunbeam heating pad she allegedly purchased at WalMart. Plaintiffs claim the heating pad was defective, creating "hot spots" which caused her burns. The heating pad in question did not smoke, smolder, spark or catch fire. Plaintiffs assert separate claims of strict liability, negligence, breach of implied and expressed warranty, misrepresentation and fraud, violations of the West Virginia Consumer Protection Act (46A-6-101 et seq), and willful, wanton, and outrageous conduct. The heating pad in question utilizes and features patented Heatsense technology.

The case was initiated in the Circuit Court of Harrison County, West Virginia, and was removed to this Court by Defendants.

Plaintiffs served Defendants with interrogatories and requests for production. Defendants filed their Motions for Protective Order, with Defendant Sunbeam objecting to the discovery sought by Plaintiffs in Interrogatories 1, 4, 5 , and Requests 1, 4, 5 through 14, and Defendant WalMart objecting to Requests 1 through 6. Defendants claim that information concerning Sunbeam heating pads not using the PTC technology utilized in the heating pad at issue is irrelevant and therefore not discoverable. Defendants further claim that information regarding heating pads that did not cause "thermal burns," but instead overheated, sparked, smoldered or caught fire is also irrelevant and not discoverable.

Having read the parties' briefs and heard their arguments, and for reasons stated on the record, the Court finds as follows:

1. The Court will not consider for purposes of this motion the affidavit of Karen Rayment, finding the affidavit goes to the ultimate issue in this case, and not to discovery;

2. Plaintiff's requests and interrogatories are overly broad in that they seek information outside Sunbeam heating pads utilizing PTC technology;

3. Defendants' objections to Plaintiff's discovery requests are overbroad in seeking to preclude discovery of information relating to any incidents with the exception of those involving thermal burns.

4. Nothing in this Order shall be construed to address the admissibility or inadmissibility of evidence.

The Court therefore **ORDERS**:

Defendants Sunbeam and WalMart shall, within 21 days, respond to the Interrogatories and Requests for Production in question, limited to Sunbeam heating pads that utilize(d) the PTC technology and which reportedly resulted in personal injury or property damage resulting not only from thermal burn, but also from other incidents including, but not limited to, overheating, smoking, smoldering, sparking or catching fire. If there is a need for a privilege log, such shall also be filed with the responses within 21 days. Any such privilege log shall, at a minimum, comply with the Federal Rules of Civil Procedure as well as the Local Rules of Civil Procedure.

It is further the understanding of the Court that the ruling on the Motions for Protective Order resolves the issues addressed in Plaintiff's Motion to Compel, and same is therefore is denied without prejudice, as mooted by this Order. Defendants shall not be required to respond to said motion.

For docketing purposes only, Defendants' two separate Motions for Protective Order

Regarding Plaintiffs' Requests for Documents (Set 1) [Docket Entries 19, 20] are **GRANTED IN PART AND DENIED IN PART**; Plaintiffs' Motion to Strike Defendants' Reply Memorandum [Docket Entry 26] is **GRANTED IN PART as to the affidavit of Karen Rayment and information regarding that affidavit AND DENIED IN PART;** and Plaintiffs' Motion to Compel [Docket Entry 32] is **DENIED AS MOOTED, without prejudice,** by this Order.

It is so **ORDERED**.

The United States Court Clerk for the Northern District of West Virginia shall provide a copy of this Order to counsel of record.

DATED: November 29, 2007.

/s *John S. Kaull*
**JOHN S. KAULL**
**U. S. MAGISTRATE JUDGE**